UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
OCT 2 9 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| JACQUELYN PEDIGO, on Behalf of Herself and Others Similarly Situated § § § <br> Plaintiff, § § <br> vs. § § § § § § <br> AUSTIN RUMBA, INC. d/b/a § <br> ALLIGATOR GRILL § § <br> Defendant. § | CIVIL ACTION NO. <br><br> A08CA 803LY |

## ORIGINAL COMPLAINT

### SUMMARY

1. Austin Rumba, Inc. d/b/a Alligator Grill (hereinafter "Alligator Grill") failed to pay Jacquelyn Pedigo (hereinafter "Pedigo") and its other servers the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Pedigo brings this collective action to recover the unpaid wages and other damages owed to her and to other similarly situated workers.

### JURISDICTION AND VENUE

2. This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Western District of Texas - Austin Division because a substantial part of the acts and conduct charged herein occurred in this district.

### THE PARTIES

4. Pedigo lives in the Western District of Texas. Pedigo was an employee of the

Original Complaint                                                                                                                                   - 1 -

Alligator Grill within the past three years. Her written consent is attached hereto as Exhibit 1.

5. The class of similarly situated employees consists of all waiters and bartenders (hereinafter "servers") employed by the Alligator Grill in the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

6. Austin Rumba, Inc. d/b/a Alligator Grill is a Texas corporation and enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its employees (including Pedigo and all other members of the Class) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages. 29 U.S.C. § 203(s)(1). Alligator Grill may be served with citation through its registered agent, Douglas A. Foreman, 3006 Bee Caves Rd., Suite C-250, Austin, Texas 78746.

## THE FACTS

7. The Alligator Grill employed Pedigo as a server.

8. The Alligator Grill paid Pedigo less than the federal minimum wage.

9. Pedigo received tips from the Alligator Grill's customers.

10. In accordance with the Alligator Grill's policy or practice, Pedigo participated in a mandatory tip pool.

11. The Alligator Grill's tip pool did not meet the requirements of a valid tip pool because a portion of the tips are retained by the restaurant and/or distributed to ineligible employees.

12. Therefore, the Alligator Grill violated the tip credit requirements of Section 3(m) and the minimum wage provisions of the FLSA.

Original Complaint                                                                                                                              - 2 -

## COLLECTIVE ACTION ALLEGATIONS

13. The Alligator Grill employed other servers.

14. The other servers at the Alligator Grill performed job duties similar to those performed by Pedigo, such as serving food and drink to customers.

15. Like Pedigo, the Alligator Grill paid these workers less than the minimum wage and required them to participate in an invalid tip pool. The Alligator Grill is not entitled to a tip credit for any of these workers.

16. Like Pedigo, these similarly situated workers are entitled to recover their unpaid minimum wages. Therefore, notice is appropriately sent to:

> **"All employees employed at the Alligator Grill for whom the Alligator Grill took a tip credit during the period October 29, 2005 to the present."**

## CAUSES OF ACTION

17. Pedigo incorporates the allegations in the preceding paragraphs.

18. The Alligator Grill practice of requiring its servers to pay a portion of their tips to the house and/or to non-tipped employees violated the FLSA. Accordingly, Pedigo and the Members of the Class are entitled to the minimum wage for each hour worked.

19. Additionally, Pedigo and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

20. Pedigo hereby demands a trial by jury.

## PRAYER

Pedigo respectfully requests that judgment be entered against the Alligator Grill, awarding her and all similarly situated employees:

a. the difference between the amount paid and the minimum wage for each hour worked;

b. an equal amount as liquidated damages;

c. reasonable attorneys' fees, costs, and expenses of this action; and

d. such other and further relief as may be required by law.

Respectfully submitted,

DEBES LAW FIRM

By: _____
Robert R. Debes, Jr.
Texas State Bar No. 05626150
Federal I.D. 12308
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951
bdebes@debeslaw.com

**COUNSEL FOR PLAINTIFF**

OF COUNSEL:

BRUCKNER BURCH PLLC
Richard J. (Rex) Burch
Texas State Bar No. 24001807
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com