UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACQUELYN PEDIGO, on Behalf of Herself and Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>3003 SOUTH LAMAR, LLP d/b/a ALLIGATOR GRILL<br><br>Defendant. | CASE NO. 1:08-CV-803-JRN |

**RESPONSE TO DEFENDANT'S
SECOND MOTION FOR MORE DEFINITE STATEMENT**

**1.   SUMMARY.**

Alligator Grill's Second Motion for More Definite Statement is procedurally deficient and substantially meritless. First, a defendant must file a motion for more definite statement *before* filing an answer, not after. Second, Pedigo is not required to plead "how" or "when" Alligator Grill violated the "tip credit" provision of the Fair Labor Standards Act (FLSA). Rather, the burden is on Alligator Grill to raise, and establish, this affirmative defense. The Court should deny Alligator Grill's Second Motion for More Definite Statement.

**2.   ALLIGATOR GRILL'S POST-ANSWER MOTION FOR MORE DEFINITE STATEMENT IS PROCEDURALLY IMPROPER.**

A motion for more definite statement "must be made before filing a responsive pleading…." Fed. R. Civ. P. 12(e). This makes perfect sense since the purpose of the motion is to correct a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a

response." *Id.* If the defendant can frame an answer from the information in the complaint, the pleading is sufficient. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

Alligator Grill answered Pedigo's Second Amended Complaint. *See* Doc. 14, Defendants' Answer. Alligator Grill, therefore, conceded it could answer Plaintiffs' complaint. Nonetheless, Alligator Grill later filed its Second Motion for More Definite Statement. *See* Doc. 15. Alligator Grill's post-answer Motion for More Definite Statement is procedurally improper and should be denied.

**3.    THE "TIP CREDIT" IS AN AFFIRMATIVE DEFENSE.**

The Fair Labor Standards Act (FLSA) requires employers to pay employees at a minimum hourly rate – currently $6.55 – for each hour worked. *See* 29 U.S.C. § 206(a). However, the FLSA creates a partial exception to this rule with respect to "tipped employees." 29 U.S.C. § 203(m). An employer can pay tipped employees as little as $2.13 per hour and take a "tip credit" for tips the employees receive, but only if certain conditions are met. 29 U.S.C. § 203(m). These pre-conditions are mandatory. *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977); *Bursell v. Tommy's Seafood Steakhouse*, 2006 WL 3227334 *1 (S.D. Tex. 2006) (the requirements of Section 203(m) are strictly construed). Moreover, the employer bears the burden of establishing the requirements. *See, e.g., Reich v. Priba Corp.*, 890 F.Supp. 586, 595-96 (N.D.Tex. 1995).

In particular, the employer must ensure each employees makes at least the minimum wage when the direct wages paid by the employer and the employee's tips are combined. 29 U.S.C. § 203(m). The employer must also inform the employees of the tip credit. *Id.* Further, the employees must keep all the tips they receive other than those contributed to a valid tip pool. *Id.* If the tipped employees are required to share their tips with employees who do not

customarily and regularly receive tips, the employer cannot claim any tip credit. *See, e.g., Myers v. Copper Cellar Corp.*, 192 F.3d 546, 548-49 n. 4 (6th Cir. 1999); *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at *14 (S.D.N.Y. March 30, 2006); *Ayers v. 127 Restaurant Corp.*, 12 F.Supp.2d 305, 308-09 (S.D.N.Y. 1998); *Bonham v. Copper Cellar Corp.,* 476 F.Supp. 98 (E.D. Tenn. 1979).

The employer bears the burden of proving a valid tip pool arrangement among regularly and customarily tipped employees. *Priba Corp.*, 890 F.Supp. at 595-96 (*citing Barcellona,* 597 F.2d at 467).[1] "Unless the employer satisfies its burden of showing the applicability of the tip credit, the employees are 'entitled to the full minimum wage for every hour worked.'" *Smith v. Noso, Inc.*, 2007 WL 2254531, at *4 (M.D. Fla. Aug. 3, 2007)(*citing Barcellona*, 597 F.2d at 467). In other words, the FLSA's tip credit provision is an affirmative defense that the employer must plead and prove.

**4.    PEDIGO DOES NOT HAVE TO NEGATE ALLIGATOR GRILL'S AFFIRMATIVE DEFENSE.**

Because the tip credit is an affirmative defense, Pedigo is not required to plead facts negating it. *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 152 (2004); *In Re Dynegy, Inc. Sec. Litig.*, 339 F.Supp.2d 804, 860 (S.D. Tex. Oct. 7, 2004) ( a plaintiff "is not required to plead facts that negate affirmative defenses"). Rather, Allegator Grill must allege that it is entitled to the tip credit by alleging, among other things, that only eligible employees participated in its tip pool. Fed R. Civ. P. 8(c); 29 U.S.C. § 203(m).

---

[1] *See also, Chisolm v. Gravitas Restaurant, Ltd.*, 2008 WL 838760, at *3 (S.D. Tex. March 25, 2008) ("the employer bears the burden of proving its entitlement to a tip credit"); *Myers*, 192 F.3d at 548-49 n.4; *see also*, Senate Report 93-690, p. 43 (Congress' intent is "to place on the employer the burden of proving the amount of tips received by tipped employees and the amount of tip credit, if any, which such employer is entitled to claim as to tipped employees."); DOL Field Operations Handbook § 30d00(b) (same).

Alligator Grill is, therefore, wrong in suggesting Pedigo's Complaint is deficient because it alleges Alligator Grill "retained some of the tips or that Defendant distributed tips to ineligible employees." *See* Doc. 15 at p. 2, ¶ 2. Indeed, by alleging Alligator Grill operates an illegal tip pool, Pedigo goes beyond her duty to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the Court should deny Alligator Grill's second motion for more definite statement.

**5.     Conclusion.**

Pedigo's Complaint exceeds the standards set by FRCP 8. Alligator conceded as much answering prior to filing its motion for more definite statement. Moreover, Pedigo is simply not required to plead around an affirmative defense that Alligator Grill failed to raise. Alligator Grill's second motion for more definite statement should be denied.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/s/  Rex Burch
By: _____
     Richard J. (Rex) Burch
     Texas Bar No. 24001807
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

**DEBES LAW FIRM**
Robert R. Debes, Jr.
Texas State Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951
bdebes@debeslaw.com

**COUNSEL FOR PLAINTIFF**

4

## CERTIFICATE OF SERVICE

On February 12, 2009 a copy of this document was served on all counsel of record via the Court's ECF system.

/s/ **Rex Burch**

_____

Richard J. (Rex) Burch

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACQUELYN PEDIGO, on Behalf of Herself and Others Similarly Situated ] ] ] Plaintiff, ] ] v. ] ] 3003 SOUTH LAMAR, LLP d/b/a ] ALLIGATOR GRILL ] ] Defendant. ] _____] | CASE NO. 1:08-cv-803-JRN |

**ORDER**

Defendants' Second Motion for More Definite Statement is DENIED.

SIGNED and ENTERED this _____ day of _____, 2009.

_____
JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE