UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACQUELYN PEDIGO, on Behalf of Herself and Others Similarly Situated<br><br>    *Plaintiff*,<br><br>v.<br><br>3003 SOUTH LAMAR, LLP d/b/a ALLIGATOR GRILL<br><br>    *Defendant*. | CASE NO. 1:08-cv-803-JRN |

**PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS**

**I.     SUMMARY**

The law does not permit defamation/disparagement claims based on statements made in the course of a lawsuit.  *Hurlbut, v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 768 (1988); *James v. Brown,* 637 S.W.2d 914, 916 (Tex.1982).  Nonetheless, 3003 South Lamar, LLP d/b/a Alligator Grill (Alligator Grill) sued Jacquelyn Pedigo (Pedigo) alleging that her lawsuit to collect unpaid wages has sullied Alligator Grill's good name.  Because Pedigo's claims in this case cannot form the basis of any civil liability to Alligator Grill, the Court should dismiss Alligator Grill's counterclaim and claim for attorneys' fees.

**II.    ARGUMENT AND AUTHORITY**

    **A.    Rule 12(b)(6) Standard**

When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Clemens v. McNamee*, 608 F.Supp.2d 811, 821 (S.D.Tex. 2009) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir.2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Clemens*, 608 F.Supp.2d at 821 (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A 12(b)(6) motion must show that the opposing party did not present "enough facts to state a claim to relief that is plausible on its face." *Melgarejo v. 24 Hour Professional Janitorial Servs.*, 2008 WL 3342705, *1 (N.D.Tex. Aug. 7, 2008) (quoting *Twombly*, 550 U.S. at 547).

    **B.    Alligator Grill's Counterclaim Does Not State A Claim Upon Which Relief Can Be Granted As A Matter Of Law**

        *1.    The Gist of Alligator Grill's Claim*

Alligator Grill claims:

> "Defendant's good name and business reputation has been sullied, injured and harmed **as a result of the plaintiff's claims** which are without factual or legal basis. Accordingly, Defendant seeks an award of damages for the value in the loss of his business and reputation and related claims. Defendant also seeks the reimbursement of its attorney fees and defense costs as well as pre-judgment and post judgment interest as permitted by law." Doc. 23, p. 6 (emphasis added).

In other words, Alligator Grill bases its counterclaim on allegedly defamatory or disparaging statements made by Pedigo in her pleadings or in relation to her claims. Even if the facts alleged by Alligator Grill were true (and they aren't), they provide no basis for relief.

### 2. *Pedigo's Statements In Her Pleadings And About This Lawsuit Are Absolutely Privileged As A Matter Of Law*

Communications made in the course of a judicial proceeding may not serve as the basis of a civil action for defamation or business disparagement, regardless of the degree of malice involved. *Hurlbut,* 749 S.W.2d at 768; *James,* 637 S.W.2d at 916. This absolute privilege extends to communications made in contemplation of and preliminary to judicial proceedings. *Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 28 (Tex.App.–Houston [1st Dist.] 2004, pet. denied); *Thomas v. Bracey*, 940 S.W.2d 340, 342-43 (Tex.App.–San Antonio 1997, no writ). The privilege also applies to out-of-court communications if the communication bears some relationship to, and is in furtherance of, the proceeding. *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 238 (Tex.App.–Dallas 2000, pet. denied); *cert. denied*, *Finlan v. Dallas Indep. Sch. Dist.*, 534 U.S. 949 (2001).

Alligator Grill only alleges it has been defamed or disparaged "as a result of the plaintiff's claims." Pedigo's pleadings and other communications related to her claims cannot – as a matter of law – form the basis of a claim for defamation or business disparagement. Thus, Alligator Grill's claim for defamation or business disparagement is not plausible on its face. *See*, *Twombly*, 550 U.S. at 547. The Court should, therefore, dismiss Alligator Grill's counterclaim in its entirety. *Melgarejo*, 2008 WL 3342705 *3 (granting Rule 12(b)(6) motion to dismiss libel and business disparagement claims based upon plaintiff's original complaint); *Clemens*, 608 F.Supp.2d 824-25 (Rule 12(b)(6) dismissal of defamation claim proper when the allegedly defamatory statements are made during a government proceeding); *see also*, *Collmer*, 176 S.W.3d at 28-29 (affirming pre-discovery summary judgment on business disparagement cause of action based upon attorney comments published in two newspapers prior to filing of suit).

### C.     Alligator Grill Failed to Allege a Basis for Recovering Attorneys' Fees

In the United States, parties are ordinarily required to bear their own attorney's fees-the prevailing party is not entitled to collect from the loser.  *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247 (1975). Under this "American Rule," we follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994).  The FLSA, however, does not permit a defendant to recover attorneys' fees – even if it is the prevailing party.  29 U.S.C. § 216(b) (only a prevailing "plaintiff" may recover attorney's fees); *San Antonio Metro. Transit Auth. v. McLaughlin*, 684 F.Supp. 158, 162 (W.D.Tex. 1988), *aff'd*, *San Antonio Metro. Transit Auth. v. McLaughlin*, 876 F.2d 441 (5th Cir. 1988).

Any way you cut it, Alligator Grill's counterclaim – whether coined "defamation" or "business disparagement" – sounds in tort.  *See*, *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003); *Diamond Shamrock Ref. & Mktg. Co. v. Mendez*, 844 S.W.2d 198, 207 (Tex. 1992).  Attorneys' fees are not recoverable in tort actions even for successful parties. *New Amsterdam Cas. Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967) (collecting cases); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 803-04 (Tex. 1975).  Thus, even if Alligator Grill could state a claim for defamation or business disparagement and win (and it cannot), it could not recover attorneys' fees under any theory.

Alligator Grills cannot recover attorney's fees even if it is successful in defending against Pedigo's FLSA claims and/or prosecuting its claims.  Therefore, Alligator Grill's claim for attorneys' fees is not plausible on its face.  *See*, *Twombly*, 550 U.S. at 547.  The Court should dismiss Alligator Grill's claim for attorneys' fees in its entirety.

**III.   CONCLUSION**

Alligator Grill's counterclaim and request for attorneys' fees are utterly implausible. Pedigo's allegations are protected by an absolute privilege. Further, Alligator Grill fails to allege any claim that would permit it to recover attorneys' fees from Pedigo. The Court should dismiss Alligator Grill's counterclaim and request for attorneys' fees.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/S/ Rex Burch
By: _____
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

**DEBES LAW FIRM**
Robert R. Debes, Jr.
Texas State Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951
bdebes@debeslaw.com

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

  On July 7, 2009, I served a copy of this filing on Defendant via the Western District of Texas CM/ECF system.

  Stephen M. Orr
  **Orr & Olavson**
  804 Rio Grande Street
  Austin, Texas 78701

              **/S/ Rex Burch**
              _____
              Richard J. (Rex) Burch