Join | Members | Events | 🔊RSS Feeds | Store | Press Room

Search ⬚

Research & Insights  |  Education & Networking  |  Tools & Solutions  |  Advocacy & Representation  |  Responsible Stewardship

## How to Calculate Overtime for Tipped Employees

Share with a Friend | Print this Page

Overview of federal wage & overtime law
Calculating overtime
• Rule 1: Base it on a single workweek
• Rule 2: Base it on the employee's regular rate of pay
An overtime scenario
Can I give "comp time" instead of paying overtime?
Value of meals for overtime
Have more questions?

**Important Note**
The above information below is intended only to inform and not to be a substitute for the reader's seeking legal counsel. Any information given here should be examined by the reader's attorneys as to such information's applicability.

**Overview of federal wage law**

The federal Fair Labor Standards Act (FLSA) requires employers to pay workers one-and-a-half times the employee's regular rate of pay for all hours worked over 40 hours per week.

It is important to calculate overtime pay properly, particularly for your employees who receive tips: Incorrect calculations could mean some pretty hefty bills and fines if you ever go through a wage-and-hour audit. Here's some help on how to calculate overtime for your tipped employees.

**Calculating overtime**

**Rule 1: Use a single workweek as the standard**
Employers must use a single workweek as the standard when calculating an employee's overtime pay. Generally, a workweek is defined as a fixed and regularly recurring period of 168 hours–seven consecutive 24-hour periods. A workweek may begin on any day and at any hour of that day.

Employers may not average an employee's hours over two or more weeks. For example, if an employee works 30 hours one week and 50 hours the next, no overtime is due in that first week. However, overtime must be paid for 10 hours in the second week, regardless of how often the employee is paid (i.e., daily, weekly, biweekly, monthly).

The FLSA does not generally require that an employee receive overtime compensation for working more than eight hours per day, or working on weekends or holidays unless 40 hours per week is exceeded. Some states require overtime pay for exceeding daily maximum limits (e.g., eight hours) even if the total weekly hours the employee worked was 40 hours or less. Contact your state restaurant association for details.

After defining your workweek, the next step is to determine an employee's regular rate of pay.

**Rule 2: Base it on the employee's regular rate of pay**
Since overtime compensation is based on an employee's *regular rate of pay*, restaurant operators must compute what exactly is each worker's hourly pay. Regular rate of pay includes all remuneration for employment, except certain payments like:

• reimbursement of expenses incurred on the employee's behalf, e.g., for uniform purchase
• discretionary bonuses where the exact amount and time bonus given is not discussed in advance
• payments of special gifts on certain occasions, e.g., turkeys at Thanksgiving
• payments for those occasional periods when no work is performed because of a vacation, holiday or illness.

For tipped employees, restaurateurs should keep in mind that the law requires that an **employee's regular rate of pay can never be less than the applicable minimum-wage rate.** For example, an employer pays his or her tipped employees the current federal minimum wage of $5.15 per hour, which is broken down into a cash wage of $2.13 per hour and a tip credit of $3.02 per hour. **The restaurant operator should calculate tipped employees' overtime rate NOT by multiplying the cash wage of $2.13 by 1.5 but by multiplying $5.15 (the employee's regular rate of pay) by 1.5 and then subtracting the hourly tip credit of $3.02.**

**Overtime scenario**

When a large convention came to town during a busy tourist season, servers at a local restaurant worked more than 40 hours per week. This restaurant follows *federal* wage law and pays its tipped servers a cash wage of $2.13 per hour, taking the maximum "tip credit" of $3.02 per hour allowed under federal law.



12/9/09 1:45 PM

During a particularly busy week, one server worked 60 hours. In addition to the tips paid directly to him by guests, the server received a total of $149.20 in compensation from the restaurant.

The restaurant computed his wages as follows: 40 hours x $2.13 per hour = $85.20; 20 overtime hours x $3.20 per hour ($2.13 x 1.5) = $64; $85.20 + $64 = $149.20. The server complained that his pay was not properly computed — and he was correct. Here's why.

Employers of tipped employees must pay a cash wage of at least $2.13 per hour if they claim a tip credit against minimum-wage obligations. **However, while a restaurant operator can pay $2.13 an hour for the server's first 40 hours worked per week, overtime cannot be calculated at one-and-a-half times $2.13.**

In calculating the overtime rate for the tipped employee, the restaurateur must multiply the minimum wage ($5.15 per hour) by 1 ½ (1.5), subtract the tip credit ($3.02 per hour), multiply that figure by the number of overtime hours worked (20 hours), and then add that sum to his 40-hour total ($85.20). [$5.15 x 1.5 = $7.73; $7.73 - $3.02 = $4.71; $4.71 x 20 = $94.20; $94.20 + $85.20 = $179.40.] Therefore, the restaurant should have paid the server $179.40 instead of $149.20.

### Illustration: The Correct Calculation

| | |
|---|---:|
| Employee's regular rate of pay | **$5.15** |
| Multiply by overtime rate | **x 1.5** |
| | **= $7.73** |
| Subtract the federal tip credit | **- $3.02** |
| Equals overtime rate | **= $4.71** |
| Multiply by the number of overtime hours worked (20 hours) | **x 20** |
| **Total overtime pay** | |
| | **= $94.20** |
| Employee's pay for first 40 (straight-time) hours: 40 hours x $2.13 per hour | **+ $85.20** |
| **Employee's total weekly pay** | **= $179.40** |

**Can I give comp time rather than pay overtime?**

Compensatory time and who is eligible for it are often sources of confusion. The Fair Labor Standards Act says compensatory time is "time off in lieu of overtime at a rate of not less than 1 ½ hours for each hour of employment for which overtime compensation is required."

Private-sector employers are not allowed to use comp time in lieu of overtime pay for hours worked in excess of 40 hours per week for nonexempt employees.

However, the U.S. Department of Labor says that a private-sector employer may allow the use of "time-off" plans for nonexempt employees, which is similar to comp time with the leave taken during the same pay period. For example, a nonexempt employee who works 50 hours during the first week of a two-week pay period can take 15 hours off (or be ordered to do so) in the second week, working only 25 hours without any requirement that the employer pay overtime.

**Value of meals for overtime**

If an employer provides meals to employees and does not qualify for a meal credit, the employer must include the value of those meals as part of an employee's total remuneration when calculating the employee's regular rate of pay.

However, DOL regulations do permit an employer to enter into an agreement with any or all of his employees to exclude the cost of a "free daily lunch or other single daily meal furnished to employees" when computing overtime rates. For the meal to be excluded from overtime rates in those instances, the meal must be provided at no cost to the employees, the employer may not take a meal credit, and both the employer and employee must agree to this arrangement before the meals are furnished.

**Have more questions?**

**Federal government:** The DOL's Web site at www.dol.gov offers Employment Laws Assistance for Workers and Small Businesses (elaws), a service that helps employers and employees understand and comply with the numerous employment laws enforced by the DOL. Check out the elaws section on Fair Labor Standards Act questions. The DOL's Wage and Hour Division also has information on wage issues.

**State laws:** Join your state restaurant association for the most up-to-date information on state wage rates, since many states set a minimum wage that is different from the federal rate.

*Last updated June 4, 2001.*

© Copyright 2009 National Restaurant Association. All rights reserved.
Legal Notices | Privacy Policy | Site Index | Contact Us

1200 17th St., NW • Washington, D.C. 20036 • 202-331-5900