IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JACQUELYN PEDIGO, on Behalf of Herself and Others Similarly Situated, Plaintiffs, | § § § § | |
| v. | § § | CAUSE NO. A-08-CA-803-JRN |
| AUSTIN RUMBA, INC. d/b/a ALLIGATOR GRILL, Defendant. | § § § § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is the Parties' Joint Motion to Approve Settlement and to Dismiss With Prejudice (Dkt. No. 74), filed October 4, 2010.

In the present motion, the parties report that they have reached a settlement of all issues and claims asserted, or which could have been asserted, in this case and companion case No. 1:10-cv-168-JRN, *Tracy Barbarossa Grande, et al. v. Steven Wimberly*. The parties now request the Court to find that the settlement is fair and reasonable to all Parties, reflects an arms-length negotiation and compromise of disputed claims, and should be approved. However, the Court is unable to grant this request because the parties have not provided the Court with a copy of the settlement agreement.

The Court explained to the parties in a prior Order that "FLSA claims may be compromised after the court **reviews** and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.*, No. H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009)(emphasis added)(citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda*, 2009 WL 3233405, at *1 (quoting *Lynn's*, 679 F.2d at

1354).Without a copy of the settlement agreement, the Court has absolutely no way to assess the fairness and reasonableness of the settlement. And to blindly approve the settlement without reviewing the details of the settlement agreement would negate the purpose of requiring final Court approval. Therefore, the parties must submit a copy of the settlement agreement before the Court will be able to issue an order approving such settlement. The Court recognizes that the settlement agreement is confidential. For this reason, the parties may submit a sealed copy of the settlement agreement for *in camera* review.

**ACCORDINGLY, IT IS ORDERED** that the parties shall submit, on or before **Tuesday, October 12, 2010**, a copy of the settlement agreement that has been signed by all parties for *in camera* consideration.

**IT IS FURTHER ORDERED** that the parties may submit the settlement agreement to the Court **UNDER SEAL.**

Signed and entered this 5th day of October 2010

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE